The facts of the controversy are fully set forth in the judgment of the court below, which is as follows:
"This cause coming on to be heard . . . and being heard, and the jury having answered the issues presented to it as follows:
(1) In what freight classification, under the tariffs of the Interstate Commerce Commission, was the shipment referred to in the complaint? Answer: Scrap iron. 7. Did the plaintiff wrongfully refuse to deliver said shipment? Answer: Yes. 8. If so, what damages is the defendant entitled to recover of the plaintiff on account thereof? Answer: $429.48, less freight. It is recommended by the jury that the defendant be allowed interest on the net amount recovered at the rate of six per cent *Page 779 
per annum. And by agreement of all parties the court answered the other issues; after the coming in of the verdict of the jury the court answering as follows:
(2) In what amount is the defendant indebted to the plaintiff for the transportation of said shipment from Charleston, S.C., to Norfolk, Va.? Answer: $121.91.
(3) In what amount, if any, is the defendant indebted to the plaintiff for demurrage on said shipment? Answer: Nothing.
And it having been agreed by the plaintiff and the defendant that the freight on scrap iron from Charleston, S.C., to Norfolk, Va., is $121.91:
It is, therefore, ordered, adjudged and decreed that the plaintiff recover nothing of the defendant; and that the defendant recover of the plaintiff the sum of $307.57, and interest on said amount from 12 July, 1924."
From hearing the argument of counsel in this action and carefully reading the record and briefs, we can find no reversible or prejudicial error. The controversy narrowed itself down mainly to questions of fact, which were found by the jury in favor of the defendant.
There is no new or novel proposition of law appearing in the record. In the judgment below there is
No error.